**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAURICE JOHNSON,

      Plaintiff,

          v.

CHICAGO TRANSIT AUTHORITY, et. al.,

      Defendants.

No. 14-cv-9432

Judge John Z. Lee

Magistrate Judge Sheila Finnegan

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Chicago Transit Authority ("CTA") and the Board of Directors of Chicago Transit Authority (the "Board") (collectively, "Defendants"), by and through their undersigned attorney, submit this memorandum of law in support of their partial motion to dismiss Plaintiff Maurice Johnson's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).

**INTRODUCTION**

Plaintiff worked as a CTA employee from January 11, 1990, until December 31, 2013. Complaint ("Compl."), ¶ 12. Plaintiff worked as a Manager, Administration – Bus at the time his employment was ended on December 31, 2013. Compl. ¶ 34. On September 11, 2013, CTA abolished the position of Manager, Administration – Bus, along with more than fifty other positions, effective December 31, 2013. See Ordinance No. 013-128, attached hereto as Exhibit ("Ex.") 1[1].

---

[1] The Court may consider documents attached as exhibits to a motion to dismiss as part of the pleadings where a plaintiff refers to the documents in the complaint and they are central to his claims. *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Moreover, the Court may take judicial notice of matters of public record without converting a

Plaintiff filed a charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on January 21, 2014, claiming that he had been discharged when his position was abolished while similarly situated female employees were rehired into other positions. *See* Compl., Ex. A. Plaintiff also alleged in his Charge that his discharge was based on retaliation, but he did not identify any protected activity that he participated in. *Id*. The EEOC issued a Notice of Right to Sue letter to Plaintiff on August 26, 2014. *See* Compl. Ex. B.

Plaintiff initially filed his Complaint on November 25, 2014. Docket Entry ("D.E.") 1. Plaintiff then filed an identical Complaint again on January 8, 2015. D.E. 7. Defendants were first served with Plaintiff's Complaint on February 23, 2015. D.E. 11. In his Complaint, Plaintiff alleges four counts against CTA, including: violation of the Metropolitan Transit Authority Act, 70 ILCS 3605/28; sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); retaliation; and violation of the Fraud Act of 2006. *See* Compl., ¶¶ 48-71, 85-108. Additionally, Plaintiff includes one count against the Board, alleging violation of §1983 of the Reconstruction Civil Rights Act. D.E. 7, ¶¶ 72-84.

Pursuant to FRCP 12(b)(1), Count V of Plaintiff's Complaint, alleging fraud under the Fraud Act of 2006, should be dismissed because this Court lacks subject-matter jurisdiction and because Plaintiff does not have standing to bring such a claim. Pursuant to FRCP 12(b)(6), Counts I, III, IV of Plaintiff's Complaint should be dismissed. First, Count I of the Complaint should be dismissed because the MTAA does not provide an independent cause of action. Second, Count III of Plaintiff's Complaint should be dismissed because the Board is not a legally separate entity from CTA. Third, Count IV of Plaintiff's Complaint should be dismissed because

---

Rule 12 motion to dismiss into a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000).

2

Plaintiff has failed to state a claim for retaliation under Title VII. Finally, Plaintiff cannot recover punitive damages from Defendant Chicago Transit Authority. For the foregoing reasons, as described more fully below, the CTA moves to dismiss Count V of Plaintiff's Complaint pursuant to FRCP 12(b)(1) and Counts I, III, and IV pursuant to FRCP 12(b)(6).

## **LEGAL STANDARD**

When ruling on a motion to dismiss pursuant to 12(b)(1), a court assumes all well-pleaded facts as true and draws reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). In response to a 12(b)(1) motion, "the plaintiff bears the burden of persuading the court that subject matter jurisdiction exists." *Rizzi v. Calumet City*, 11 F.Supp.2d 994, 995 (N.D. Ill. 1998), citing *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir.1987). Where a plaintiff fails to assert standing, "relief from [the] court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." *Am. Fed'n of Gov't Emps., Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999) (internal citation omitted); *see also G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534 (7th Cir. 2012) (affirming district court's dismissal under 12(b)(1) where plaintiff lacked standing to sue). The Plaintiff has the burden of proving standing. *See Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

When considering a 12(b)(6) motion, the court must assume all well-pleaded allegations in the complaint as true, and must construe them in a light most favorable to the plaintiff. *Frank Bros., Inc. v. Wisconsin Dep't of Transp.*, 409 F.3d 880, 884-85 (7th Cir. 2005). The court is not, however, "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). To survive Rule 12(b)(6) scrutiny, the Court must consider whether the allegations "plausibly suggest that plaintiff has a right to relief,

raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citation omitted). If the allegations fall short of this standard, "the plaintiff pleads himself out of court." *Id. Pro se* complaints are held to a less stringent pleading standard than those filed by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, even under this lower standard, a *pro se* complaint will be dismissed when the plaintiff relies solely on conclusory statements and provides no factual support for their legal claims. *See Rose v. Vanity Fair Brands, LP*, 2013 WL 1752705 at *3-4 (N.D. Ill. April 23, 2013) (Johnson Coleman, J.) (copy attached as Ex. 2).

A motion to dismiss should be granted pursuant to FRCP 12(b)(6) if the complaint fails to state a claim that entitles the plaintiff to relief. *Corcoran v. Chicago Park Dist.*, 875 F.2d 609, 611 (7th Cir. 1989). To survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). While the plaintiff need not present detailed factual allegations a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* at 678. The complaint "must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Concentra*, 496 F.3d at 776 (citation omitted). The general rule that "a court must accept as true all of the allegations contained in a complaint" is "inapplicable to legal conclusions," and so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice." *Iqbal*, 556 U.S. at 678. The Court is not required to "ignore any facts set forth in the complaint that undermine the plaintiff's claim." *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998).

4

**ARGUMENT**

**I.    THE COURT DOES NOT HAVE SUBJECT-MATTER JURISDICTION OVER COUNT V OF PLAINTIFF'S COMPLAINT.**

In Count V of his Complaint Plaintiff claims that CTA defrauded the EEOC in violation of the Fraud Act of 2006. Compl., ¶¶ 98-108. The Fraud Act of 2006 is a British law, not an American law. UK Statute 2006 c. 35. Plaintiff has pled no jurisdictional facts regarding this claim and has provided no allegations as to why a British law should be applied here. Plaintiff resides in Cook County, Illinois, Defendants both do business in Illinois, and all acts complained of allegedly occurred in the Northern District of Illinois. Compl., ¶¶ 8-11. None of the jurisdictional bases that Plaintiff claims in his Complaint refer to foreign laws.  Compl. ¶¶ 4-5. Because Plaintiff has pled no facts to establish jurisdiction for this foreign claim, Count V should be dismissed for lack of subject matter jurisdiction.

Furthermore, Plaintiff does not have standing to pursue this claim against CTA. A litigant's standing is one component of a court's subject matter jurisdiction.   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999), *citing Warth v. Seldin*, 422 U.S. 490, 498 (1975) (internal quotation marks omitted).  In order to show that he has standing to pursue a claim in federal court under Article III of the Constitution, "a plaintiff must show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 99 (1979). The actions that Plaintiff claims CTA fraudulently took were against the EEOC, not against Plaintiff. Compl., ¶¶ 99-103. Plaintiff has failed to make any allegation of how those actions created an

actual or threatened injury against *him*. Furthermore, the purpose of the Fraud Act of 2006 is "to make provision for, and in connection with, criminal liability for fraud and obtaining services dishonestly." UK Statute 2006 c. 35. The punishment for violation of this statute is imprisonment. *Id.* at 35.1(3). Even if Plaintiff had standing to pursue a claim of fraud under this act against CTA, which he does not, a civil lawsuit is not the proper mode of doing so. For these reasons, Count V of Plaintiff's Complaint should be dismissed with prejudice.

## II.     PLAINTIFF FAILS TO STATE A CLAIM FOR WHICH HE IS ENTITLED TO RELIEF UNDER THE METROPOLITAN TRANSIT AUTHORITY ACT.

In Count I of his Complaint, Plaintiff purports to bring an action under the Metropolitan Transit Authority Act ("MTAA"). 70 ILCS 3605/28. The MTAA does not explicitly provide a private right of action for violations of the statute. However, courts may determine that a private right of action is implied in a statute. *Fisher v. Lexington Health Care, Inc.*, 188 Ill. 2d 455, 460 (1999). No court has ever ruled on whether a private right of action is implied within the MTAA. The Illinois Supreme Court has held that "implication of a private right of action is appropriate if: (1) the plaintiff is a member of the class for whose benefit the statute was enacted; (2) the plaintiff's injury is one the statute was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the statute; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the statute." *Id.* Here, there is no need to imply a private right of action because Section 28 of the MTAA provides for a hearing process if an employee feels as though his discharge was in violation of the rights provided for under the MTAA. 70 ILCS 3605/28. Because it is not necessary to imply a private right of action under the MTAA, this Court should not take that extraordinary step in this instance, and Count I of Plaintiff's Complaint should be dismissed.

6

Even if Plaintiff could imply an independent cause of action under the MTAA, he has failed to sufficiently allege a violation of the statute. First, Plaintiff admits that he was an exempt employee. Compl. ¶ 13. Pursuant to the MTAA, "[a]ll exempt offices, positions, and grades of employment shall be at will," and therefore Plaintiff's employment could be terminated at any time for no reason. 70 ILCS 3605/28. Furthermore, the section of the MTAA Plaintiff relies on to claim his position was abolished in violation of the statute relates strictly to reductions in force. Compl. ¶ 53. CTA did not reduce the number of positions of Manager, Administration – Bus, it abolished the position entirely. *See* Ex. 1.

Job abolishments do not share the same restrictions regarding company seniority as reductions in force. 70 ILCS 3605/28. Regardless, the alleged comparatives that Plaintiff alleges had less seniority than him were clearly, by his own admission, not in the same job title and job schedule number as he was. Compl. ¶ 55. Even if this were a reduction in force, Plaintiff's company seniority would only be compared to other employees who shared the same job title *and* job schedule number. 70 ILCS 3605/28 (emphasis added). None of the employees Plaintiff identifies worked as Manager, Administration – Bus. *Id*. Additionally, Plaintiff makes no reference to his job schedule number or those of any other employees in his Complaint. *See* Compl. generally. Even if Plaintiff could characterize CTA's actions as a reduction in force rather than an abolishment, he has failed to sufficiently allege that CTA has violated the MTAA, and therefore Count I should be dismissed.

### III.   PLAINTIFF FAILS TO STATE A CLAIM OF RETALIATION UNDER TITLE VII.

In order to plead a retaliation claim under Title VII, a plaintiff must allege that he engaged in statutorily protected activity and that an adverse employment resulted from that

activity. *Carlson v. CSX Transp. Inc.*, 758 F.3d 819, 828 (7th Cir. 2014). Retaliation claims carry a higher causation standard than other Title VII discrimination claims. *U. of Tex. S.W. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013). The protected activity must be the "but-for" cause of the adverse employment action, *i.e.*, the adverse employment action would not have happened if not for the protected activity. *Id*.

Here, Plaintiff has not alleged that he engaged in any protected activity. In order for activity to be considered protected, a complaint must make some connection between the actions complained of and the person's protected class. *Vega v. Chicago Park Dist.*, 958 F.Supp.2d 943, 955-956 (N.D. Ill. 2013), citing *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). Threadbare allegations that the employee complained of feeling discriminated against are insufficient to satisfy the protected activity element. *Id*. General complaints about workplace issues do not constitute protected activity. *Steinbarth v. Whole Foods Mkt.*, 2014 WL 5707357, *9 (N.D. Ill. November 5, 2014) (copy attached as Ex. 3), citing *Huang v. Cont'l Cas. Co.*, 754 F.3d 447, 451 (7th Cir.2014); *Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1008 (7th Cir.2000). Here, Plaintiff alleges he wrote an email to the President of CTA on May 2, 2013, "regarding [Plaintiff's] suspension and [Plaintiff's] ability to multi-task and do the jobs of 3 other individuals." Compl., ¶ 86. Plaintiff never alleges that his complaints were connected to any protected class. Indeed, Plaintiff claims that he was singled out for suspension because he sent an email to the President, not because of a protected class. Compl. ¶ 93. Plaintiff's actions were not protected activity, and therefore his retaliation claim should be dismissed.

Additionally, Plaintiff has failed to sufficiently plead that the complaints he made were the cause of his job abolishment. *Nassar*, 133 S. Ct. at 2534. Plaintiff makes one conclusory claim that his job was abolished in retaliation for his rights under Title VII. Compl. ¶ 96. This

8

threadbare statement is not sufficient to meet federal pleading standards in order to take Plaintiff's claims from merely speculative to plausible. *Concentra*, 496 F.3d and 776. Because Plaintiff failed to sufficiently plead a claim of retaliation under Title VII, Count IV of his Complaint should be dismissed.

**IV.     COUNT III SHOULD BE DISMISSED BECAUSE THE BOARD IS NOT A SEPARATE LEGAL ENTITY.**

Plaintiff's Section 1983 claim, stated in Count III of the Complaint, is directed solely at the Board. The MTAA created the CTA and the Board, also known as the Chicago Transit Board. *See* 70 ILCS 3605/3; 70 ILCS 3605/5. The MTAA explicitly provides that the CTA may sue and be sued in its corporate name. 70 ILCS 3605/5. However, the MTAA does not state that the Board itself can be sued. *See generally* 70 ILCS 3605. The reason for this distinction in quite simple: the Board is not an independent legal entity.

While no court has directly addressed the legal status of the Board as an independent entity, this court has previously held that subdivisions of municipal bodies are non-suable entities. *See Mayes v. Elrod*, 470 F. Supp. 1188 (N.D. Ill. 1979). In *Mayes*, this court granted a motion to dismiss the Cook County Department of Corrections and the Cook County Board of Commissioners. *Id.* at 1192. The court held that these two bodies did not enjoy a separate legal existence from the County or Sheriff's Office, respectively. *Id.* In forming this conclusion, the court noted that, "the capacity of a governmental corporation to be sued in the federal courts is governed by the law of the state in which the district court is held." *Id.* While in that case the court found statutes authorizing suit against both the County and the Sheriff themselves, the court found no authority supporting suit against the Department of Corrections or the Board of Commissioners. *Id.* Similarly, in the case at bar, while the MTAA authorizes suit against the

CTA, it does not authorize suit against the Board. Therefore, the Board does not exist as a separate legal entity from CTA. Count III of the Complaint should be dismissed with prejudice, and as such, the Board must be dismissed from this case.

### V.     PLAINTIFF CANNOT PURSUE A CLAIM OF AGE DISCRIMINATION.

Although Plaintiff never explicitly states that he believes he was discriminated against based on his age, Plaintiff does state in his Complaint that his suit alleges violations of the Age Discrimination in Employment Act ("ADEA"). Compl. ¶ 5. A Title VII plaintiff may assert only those claims that were included in his charge before an appropriate administrative agency. *See Conner v. Ill. Dep't of Natural Res.*, 413 F.3d 675, 680 (7th Cir. 2005); *see also Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). A plaintiff may proceed on a claim not explicitly set forth in the underlying charge only where the claim is "like or reasonably related to the EEOC charges, and the claim in the complaint reasonably could be expected to grow out of an EEOC investigation of the charge." *See Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) (internal punctuation marks and citation omitted). The aforementioned rules afford the Equal Employment Opportunity Commission ("EEOC") or Illinois Department of Human Rights ("IDHR") an opportunity to investigate the charge, to decide whether to sue, and to attempt to settle the dispute between the employee and employer. *See Doe v. Oberweis Dairy,* 456 F.3d 704, 708 (7th Cir. 2006); *see also Peters*, 307 F.3d at 550. They also ensure that the employer has notice of the complainant's charges. *See Cheek*, 31 F.3d at 500.

Plaintiff cannot pursue a claim of age discrimination in this case because he failed to allege age discrimination in his EEOC charge. *See* Compl., Exhibit A. Because Plaintiff failed to

exhaust his administrative remedies regarding an age discrimination claim, any allegations of such should be dismissed.

## VI.     PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES FROM THE CTA.

Plaintiff's requests for punitive damages in Counts I, II, IV, and V against CTA should be stricken because such damages cannot be recovered against a municipality. Compl. ¶ 61, 70, 97, 108. Municipal corporations, such as the CTA, are immune from punitive damages. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (noting that Illinois has not waived immunity for punitive damages for municipalities); *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1134 (7th Cir. 1987) (noting that the City of Chicago as a municipality cannot be held liable for punitive damages); *George v. Chicago Transit Auth.*, 58 Ill.App.3d 692, 693 (1st Dist. 1978) (noting that Chicago Transit Authority, as a municipal corporation, is not liable for punitive damages). Accordingly, Plaintiff's request for punitive damages against the CTA should be stricken from his Complaint.

## CONCLUSION

WHEREFORE, for each of these reasons, Defendants Chicago Transit Authority and the Board of Directors of Chicago Transit Authority respectfully request that this Court grant their motion and dismiss Counts I, III, IV, and V of Plaintiff Maurice Johnson's Complaint, with prejudice.

**Date**: **April 6, 2015**                                     Respectfully submitted,

                                                CHICAGO TRANSIT AUTHORITY

                                        By:    */s/ Christopher Jensen*
                                                CHRISTOPHER JENSEN
                                                Senior Attorney

567 W. Lake St, 6th Floor
Chicago, Illinois  60661
(312) 681-2933 (p)

(312) 681-2995 (f)
cjensen@transitchicago.com

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned, an attorney, certified that a true and correct copy of **Memorandum of Law in Support of Defendants' Partial Motion to Dismiss Plaintiff's Complaint** was served by placing a copy addressed to the following Plaintiff at 567 W. Lake St, Chicago, IL 60661, on this the 6th day of April, 2015.

                    Maurice Johnson
                    34 E 119th Pl
                    Chicago, IL 60628

*/s/ Christopher R. Jensen*
**CHRISTOPHER R. JENSEN**
**Senior Attorney**
**Labor & Employment**
**Chicago Transit Authority**
**Law Department**
**567 W. Lake St.  6th Floor**
**Chicago, Illinois 60661**
**Tel: (312) 681-2933**
**Fax: (312) 681-2995**
**cjensen@transitchicago.com**

13